UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHEN M. ROSS,

        Plaintiff,

   -against-

ROBERT K. UTLEY, III and
ANN K. UTLEY,

        Defendants.
------------------------------------------------------------x



COMPLAINT

07 CIV 6119

Judge Hellerstein

Plaintiff Stephen M. Ross, by and through his attorneys, Katksy Korins LLP, for his complaint against defendants Robert K. Utley, III and Ann K. Utley (collectively, "defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff is a citizen of the State of New York who resides in the City, County and State of New York.

2. Upon information and belief, defendant Robert K. Utley, III is a citizen of the State of Texas.

3. Upon information and belief, defendant Ann K. Utley is a citizen of the State of Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship, in that (a) as detailed above, plaintiff is a citizen of the State of New York and each defendant is a citizen of the State of Texas; and (b) as detailed below, the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over each of the defendants because each of them consented in writing to jurisdiction in the State of New York in any action or proceeding arising out of the Promissory Note that is the subject of this action.

6. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(a)(2) because, as detailed below, a substantial part of the events or omissions giving rise to this action (including defendants' failure to pay the money owed under the Promissory Note at issue) occurred in this District.

## FACTS

7. On or about May 21, 2004, for value received, defendants executed a Promissory Note (the "Promissory Note") in which they promised, jointly and severally, to pay to plaintiff a total of $3,000,000 plus interest at a rate of ten percent (10%) per annum (the "Standard Interest Rate"). A copy of the Promissory is attached as Exhibit 1.

8. Under the terms of the Promissory Note, the $3,000,000 principal sum, or the amount thereof outstanding, together with all accrued interest, was due and payable on August 18, 2004 (the "Maturity Date").

9. The Promissory Note further provides that in the event of a failure to pay in full all interest and principal by or before the Maturity Date, interest accrues thereafter on all outstanding unpaid principal at a rate equal to the lesser of (a) the highest rate permitted by law; or (b) 24% (the "Default Interest Rate").

10. The Promissory Note provides that it is governed by New York law.

11. On or about June 30, 2004 defendants made a payment of $1,500,000 which plaintiff agreed could be applied in reduction of principal, thereby leaving a principal balance due as of that date of $1,500,000 plus accrued interest.

12. On or before August 31, 2004, defendants made a payment of $55,479.60 toward the outstanding accrued interest.

13. Since that time, plaintiff has demanded that the amount outstanding on the Note be paid but despite due demand, no additional payments have been made or received.

14. Under the terms of the Promissory Note, defendants owe plaintiff, jointly and severally, the sum of $1,500,000, together with interest thereon at the Default Interest Rate from September 1, 2004 through the date of payment.

15. In addition, the Promissory Note further provides that if payment is not made when due, defendants, jointly and severally, will pay all costs of collection when incurred, including plaintiff's reasonable attorneys' fees.

16. By reason of the foregoing, plaintiff is entitled to judgment (a) in the amount of $1,500,000 together with accrued interest in the amount of $897,534 through June 29, 2007, for a total of $2,397,534, plus interest at the rate of $986.30 per day until the date that judgment is entered; and (b) for the attorneys' fees incurred by it in the prosecution of this action.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for (a) $1,500,000, together with accrued interest in the amount of $897,534 through June 29, 2007, for a total of $2,397,534, plus interest at the rate of $986.30 per day until the date that judgment is entered; and (b) for the attorneys' fees incurred by it in the prosecution of this action. and (c) the costs and disbursements of this action.

KATSKY KORINS LLP

By: _____
Mark Walfish

Attorneys for Plaintiff
605 Third Avenue
New York, New York 10158
(212) 953-6000

EXHIBIT 1

## PROMISSORY NOTE

$3,000,000.00

New York, New York
as of May 21, 2004

  FOR VALUE RECEIVED, Robert K. Utley, III, an individual, and Ann K. Utley, an individual (collectively, "Maker") promises to pay to the order of Stephen M. Ross, an individual ("Holder"), at his offices at 625 Madison Avenue, New York, New York 10022, or at such other place as may be designated in writing by Holder, the principal sum of Three Million and No/100 ($3,000,000.00) Dollars with interest thereon at the rates set forth below.

  The said principal sum, or the amount thereof outstanding, with accrued interest, shall be due and payable on August 18, 2004 (the "Maturity Date").

  This Note shall bear interest at a fixed rate of interest equal to ten (10%) percent per annum.

  This Note may be prepaid at any time without premium or penalty.

  All payments made by Maker hereunder shall be applied first to interest due and payable for the current year in which such installment is made, and thereafter to reduction of the outstanding principal balance.

  Notwithstanding any other provision of this Note, if (a) Maker fails to make any of the payments of interest or principal required hereby on or before the Maturity Date, or (b) Maker shall make an assignment for the benefit of creditors or admit in writing its inability to pay its debts as they become due or file a voluntary petition in bankruptcy or be adjudicated a bankrupt or insolvent or file any petition for relief under the insolvency laws of any jurisdiction or file any answer admitting the material allegations of any petition filed against it in any such proceeding or seek or consent to the appointment of any trustee or receiver of any of its property, the outstanding principal balance of this Note and accrued interest thereon shall become immediately due and payable and such principal balance shall thereafter bear interest as set forth above, except that the rate shall be the lesser of (a) the highest rate permitted by law, or (b) twenty-four (24%) percent.

  Maker hereby waives presentment and demand for payment, notice of dishonor, protest and notice of protest of this Note. If any payment under this Note is not made when due, Maker agrees to pay all costs of collection when incurred, including reasonable attorneys' fees (which costs shall be added to the amount due under this Note and shall be receivable therewith). Maker agrees to perform and comply with each of the terms, covenants and provisions contained in this Note on the part of Maker to be observed or performed. No extension of time for payment of this Note, or any installment hereof, and no alteration, amendment or waiver of any provision of this Note shall release, discharge, modify, change or affect the liability of Maker under this Note.

-.16750v1

This Note is subject to the express condition that at no time shall Maker be obligated or required to pay interest on the principal balance at a rate which could subject Holder to either civil or criminal liability as a result of being in excess of the maximum rate which Maker is permitted by law to contract or agree to pay. If by the terms of this Note Maker is at any time required or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance.

TIME IS OF THE ESSENCE in complying with all of the terms, provisions and conditions of this Note.

If Maker consists of more than one person or party, the obligations and liabilities of each such person or party hereunder shall be joint and several.

This Note, and the rights and obligations of parties to it, shall be governed by, and construed and interpreted in all respects in accordance with, the laws of the United States and the State of New York without giving effect to the choice of law principles thereof.

This Note may only be modified, amended, changed or terminated by an agreement in writing signed by Holder and Maker. No waiver of any term, covenant or provision of this Note shall be effective unless given in writing by Holder and if so given by Holder shall only be effective in the specific instance in which given.

Maker acknowledges that this Note and Maker's obligations under this Note are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Note and the obligations of Maker under this Note or the obligations of any other person or party relating to this Note or the obligations of Maker hereunder. This Note sets forth the entire agreement and understanding of Holder and Maker, and Maker absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or cross claim of any nature whatsoever with respect to this Note or the obligations of Maker under this Note or the obligations of any other person or party relating to this Note or the obligations of Maker hereunder in any action or proceeding brought by Holder to collect the debt, or any portion thereof. Maker acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Note or with respect to the obligations of Maker under this Note, except those specifically set forth in this Note.

No delay on the part of Holder in exercising any right or remedy under this Note or failure to exercise the same shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on Maker shall be deemed to be a waiver of the obligation of Maker or of the right of Holder to take further action without further notice or demand as provided in this Note.

Maker agrees to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this Note and, in furtherance of such agreement, Maker hereby agrees and consents that without limiting other methods of obtaining jurisdiction, personal jurisdiction over Maker in any such action or proceeding may be obtained within or without the jurisdiction of any court located in New York and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon Maker by registered or certified mail to or by personal service at the last known address of Maker, whether such address be within or without the jurisdiction of any such court.

Maker represents that Maker has full power, authority and legal right to execute and deliver this Note and that the debt hereunder constitutes a valid and binding obligation of Maker.

Maker hereby irrevocably and unconditionally waives, and Holder by its acceptance of this Note irrevocably and unconditionally waives, any and all right to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Note.

Maker shall indemnify Holder against any loss or expense that Holder may sustain or incur as a consequence of any event of default specified in this Note, including, but not limited to, any loss or reasonable expense sustained or incurred by Holder. Holder shall provide to Maker a statement explaining the amount of any such loss or expense, which statement shall be conclusive and binding upon Maker absent manifest error.

Whenever used, the singular number shall include the plural, the plural the singular, and the words "Holder" and "Maker" shall include their respective successors and assigns, provided, however, that Maker shall in no event or under any circumstance have the right without obtaining the prior written consent of Holder to assign or transfer its obligations under this Note, in whole or in part, to any other person, party or entity.

If any provision or any word, term, clause, or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provision shall not be affected and shall remain in full force and effect.

IN WITNESS WHEREOF, this Note has been duly executed as of the day and year first written above.

*Sharon B. Joiner*
*Notary Public, State of Texas*
*My Comm. Expires 05/12/06*

_____
ROBERT K. UTLEY

_____
ANN K. UTLEY

Sworn to before me
this 21 day of May, 2004

_____
Notary Public

3